# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SHARON COLEMAN ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 1:18-cv-01706 |
| v. ) | |
| ) | Hon. Jorge L. Alonso |
| DAVOL, INC., ) | |
| ) | |
| Defendant. ) | |

## STIPULATION AND ORDER TO STAY ALL PROCEEDINGS PENDING JPML APPROVAL OF PROPOSED MULTIDISTRICT LITIGATION AND TRANSFER OF CASE

Plaintiff and Defendant, Davol Inc. ("Davol"), by and through their counsel of record have conferred and have agreed to propose the following stay of all proceedings in this case pursuant to a stipulation based on the following:

Plaintiff alleges personal injuries related to the use of the Ventrio™ Hernia Patch, a polypropylene mesh medical device manufactured by Defendant for the treatment of hernias. Like Plaintiff, there are more than 80 plaintiffs with products liability cases related to the use of Defendant's hernia repair devices made, at least in part, of polypropylene in federal courts across the country. Accordingly, on April 10, 2018, pursuant to 28 U.S.C. § 1407, a group of more than 50 plaintiffs filed a Motion for § 1407 Coordination/Consolidation & Transfer of Related Actions ("MDL Motion") with the United States Judicial Panel on Multidistrict Litigation ("JPML").[1] The MDL Motion seeks to transfer all federal products liability cases, both current and subsequently-filed, involving Defendants' hernia mesh medical devices to a single court for purposes of coordination and consolidation of pre-trial proceedings.

---

[1] The MDL Motion and its supporting brief are attached hereto as Exhibits 1 and 2, respectively.

Should the JPML grant the MDL Motion, Plaintiff's case would fit squarely within the scope of the MDL being requested and would stand to be transferred to the MDL court imminently.

Accordingly, the parties agree and request a stay of all proceedings in this case pending the JPML's decision on the MDL Motion.

A stay of this nature would serve the interests of justice and judicial economy.  As the majority of district courts have found in circumstances in which a pending matter would fall within the scope of a proposed MDL being considered by the JPML, good cause exists to stay all proceedings pending the JPML's decision.

Any pretrial management efforts put forth by this Court will be overtaken by the MDL court's pretrial orders, assuming the case is transferred.  A stay would prevent any unnecessary and duplicative pre-trial proceedings, including discovery and motion practice.  *See, e.g.*, *Miley v. Bristol-Myers Squibb Co.*, Case No. 0:16-cv-00066-PJS-KMM, 2016 WL 4257596, *1 (D. Minn. July 8, 2016) ("The Court agrees that the conservation of judicial resources is best served by allowing the JPML the time to determine whether this action should be part of an MDL.")

Moreover, the parties agree that neither party will suffer any prejudice by the issuance of a stay.

IT IS SO STIPULATED.

Dated: April 20, 2018

Respectfully submitted,
REED SMITH LLP

/s/ Maryanne C. Woo
Maryanne C. Woo (#6270844)
Reed Smith LLP
10 South Wacker Drive
Chicago, Illinois 60606-7507
(312) 207-1000
mwoo@reedsmith.com
*Counsel for Defendant Davol Inc.*

-3-

Dated: April 20, 2018                               Respectfully submitted,

                                                    */s/* Paul O. Otubusin
                                                    Paul O. Otubusin
                                                    Otubusin & Associates, P.C.
                                                    77 West Washington Street, Suite 1204
                                                    Chicago, IL 60602
                                                    drotubusin@otubusinlaw.com
                                                    *Counsel for Plaintiff*


PURSUANT TO STIPULATION, IT IS SO ORDERED.

DATED: _____, 2018

_____

Honorable Jorge L. Alonso, U.S.D.J.